IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARINA YADGAROVA, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>WILLIAMS & FUDGE, INC.,<br><br>  Defendant. | CLASS ACTION<br><br>1:19-cv-1232-AMD-RER |

# FINAL APPROVAL ORDER

Upon consideration of the Parties' request for final approval of the Class Action Settlement Agreement (the "Agreement") between Plaintiff Marina Yadgarova ("Plaintiff"), individually and as representative of the class defined below ("Settlement Class" and "Settlement Class Members"), and Defendant Williams & Fudge, Inc. ("Defendant"), the Court makes the following orders and findings. Unless otherwise noted, defined terms are used as stated in the Agreement.

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Settlement Class Members, and Defendant.

2. The following Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

   (a) all individuals with addresses in New York State (b) to whom defendant Williams & Fudge, Inc. (c) sent an initial collection letter (d) attempting to collect a debt (e) on which interest is accruing (f) which did not positively disclose that the balance may increase due to interest and fees, (g) which letter was sent on or after a date one year prior to the filing of this action.

3. Based on the Parties' stipulations, which are made only for the purposes of settlement: (A) the Settlement Class as defined is sufficiently numerous such that joinder is

impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class Members, and included whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. by sending Plaintiff and the Settlement Class Members collection letters that sought to collect on student loans without disclosing the fact that the amount of the debt was increasing with time.; (C) the claim of Plaintiff is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Settlement Class and her attorneys, Edelman Combs Latturner & Goodwin, LLC and Cohen & Mizrahi LLP are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed notice of the settlement was successfully sent to 2,260 class members of the total 2,379. One (1) person in the Settlement Class requested exclusion, and zero (0) objections were filed or received.

5. Each Class Member whose notice was successfully mailed will receive a check for $174.84 from the $68,000.00 Class Settlement Fund.

6. Costs associated with class notice and administration shall be deducted from the Settlement Fund in accordance with the terms of the Agreement.

7. On September 22, 2020, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. No Class members appeared in Court.

8. The Court finds that the Agreement's provisions for notice to the Settlement Class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

9. Specifically, the Court finds that the Settlement Class is so numerous that joinder of all members is impracticable.

10. There are questions of law and fact common to the Settlement Class Members.

11. The individual claims of Plaintiff are typical of the claims of the Settlement Class Members.

12. Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class Members.

13. The questions of law and fact common to the Settlement Class Members predominate over any individual issues.

14. A class action is superior to other methods of adjudicating the claims of the Settlement Class.

15. The Court finds that the Agreement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties.

16. The Court orders Defendant to pay the total amount of $68,000.00 to the third-party class administrator, First Class, Inc., within 21 days after the Effective Date, for the establishment of the Class Settlement Fund and for distribution to the Settlement Class Members, in accordance with the terms of the Agreement.  Payments for notice and administration of the settlement, an incentive to the class representative, and attorney's fees shall be deducted from the Class Settlement Fund.  The remaining amount shall be distributed equally among the 204 Settlement Class Members whose claim forms were successfully mailed.

17. The Court having carefully reviewed Class Counsel's petition for Attorneys' Fees and Costs, hereby finds that the award of Attorneys' Fees and Costs sought by Class Counsel is fair and reasonable to the Settlement Class and the Court approves an award of Attorneys' Fees

and Costs to Class Counsel in the amount of $20,333.33, to be deducted from the Class Settlement Fund in accordance with the terms of the Agreement.

18. The Court hereby approves a payment of $5,000.00 to Marina Yadgarova for her actual and statutory damages and for her service as Class Representative, to be deducted from the Class Settlement Fund in accordance with the terms of the Agreement.

19. The Court hereby approves a payment of $7,000.00 to the third-party class administrator, First Class, Inc., for the costs associated with notice to the Settlement Class Members and administering the class settlement, to be deducted from the Class Settlement Fund in accordance with the terms of the Agreement.

20. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

21. The Court hereby approves the Legal Aid Society as the *cy pres* recipient, subject to the terms of the Agreement.

22. The Court retains exclusive jurisdiction over the parties and the Settlement Class Members to enforce the terms and provisions of the Agreement and this Order.

23. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____
Honorable Magistrate Judge Ramon E. Reyes Jr.
United States District Court
Eastern District of New York

Dated: September 22, 2020

4